IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF OREGON

RIVERHAWKS; NORTHWEST RAFTERS ASSOCIATION; KLAMATH-SISKIYOU WILDLANDS CENTER,

   Plaintiffs,

 v.

GILBERT ZEPEDA, District Ranger, Gold Beach Ranger District; ANN VENEMAN, Secretary, U.S. Department of Agriculture; U.S. FOREST SERVICE,

   Defendants.

Civil No. 01-3035-AA

ORDER

Aiken, Judge:

 Plaintiffs filed suit alleging that defendants' authorization of motorboat use within the wild segment of the Rogue Wild and Scenic River ("Rogue WSR") violated the Wild and Scenic Rivers Act (WSRA), 16 U.S.C. §§ 1271 et seq, the National Forest Management

1 - ORDER

Act (NFMA), 16 U.S.C. §§ 1600 et seq., and the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4331 et seq. The court granted plaintiffs' motion for summary judgment with respect to their NEPA claim and granted defendants' motion with respect to the WSRA and NFMA claims. The court found that authorization of commercial motorboat permits through a categorical exclusion violated the procedural requirements of NEPA, because such use may significantly effect the environment. See Opinion and Order dated May 14, 2002.

After the court's ruling on liability, the parties undertook extensive and lengthy settlement discussions among themselves and with of a magistrate judge in an effort to reach agreement regarding the appropriate remedial relief. Although the parties' discussions were fruitful in many respects, they could not resolve all issues.

On the day of the injunctive relief hearing, defendants agreed to complete an Environmental Impact Statement analyzing the effects of commercial motorboat uses on the Rogue WSR in compliance with NEPA and also agreed to require all motorized watercraft to affix a Forest Service permit to the bow and stern above the waterline. Upon briefing and oral argument, I rejected plaintiffs' request to limit commercialized tour boat operations during the months of March through June on a 12-mile stretch of the wild section of the Rogue WSR, finding that plaintiffs established no actual or likely

harm to the Western Pond Turtle that would occur from the commercial tour boat operations occurring during this time.

Plaintiffs now move for an award of costs and attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendants oppose the motion, on grounds that their position was substantially justified. Alternatively, defendants argue that the relief sought by plaintiffs is grossly disproportionate to the success and relief obtained. Finally, defendants object the hourly rate requested by plaintiffs' counsel along with the amount of hours.

The EAJA provides for an award of attorneys' fees and expenses to the prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To show substantial justification, defendants must show that their position has a reasonable basis in law and fact. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). I find that defendants' position was not substantially justified with respect to plaintiffs' NEPA claim. Indeed, documents in the administrative record itself did not support defendants' position.

As the court pointed out in granting plaintiffs' motion for summary judgment, the Decision Memo relied on by defendants failed to support a categorical exclusion of the special use permits. Likewise, the turtle survey relied on by defendants did not support

3 - ORDER

the categorical exclusion of commercial motorboat use, because the survey noted that in addition to motorized uses, non-motorized uses may impact the Western Pond Turtle. Additionally, 1997 and 1999 Biological Evaluations concluded that motorboats "may affect" the turtles, and a 1995 study on juvenile salmonids concluded that motorboats use may affect the fish. Despite this evidence, the Forest Service failed to consider the relationship between commercial motorboats and other uses which may cumulatively impact the environment and instead continued to issue the special use permits under a categorical exclusion.

Additionally, as I noted previously, the Forest Service failed to engage in any scoping process before issuing the special use permits. Instead, defendants relied on the arguably inadequate scoping process conducted in December 1994 for when the Forest Service reissued the special use permits. During oral argument on the summary judgment motions, counsel for intervenor-defendants even questioned the wisdom of a categorical exclusion under these circumstances. Therefore, I find that defendants' position was not substantially justified.

Further, I reject defendants' request to reduce plaintiffs' requested fee award by sixty-seven percent to reflect the fact that plaintiffs prevailed on one of three claims. Although not ultimately successful, plaintiffs' arguments and evidence presented in support of the WSRA and NFMA claims further supported

plaintiffs' argument that defendants failed to meet their obligations under NEPA. Plaintiffs' submissions amply supported their argument that defendants violated NEPA by issuing commercial tour boat permits through categorical exclusion when an EIS was required to determine whether motorboat uses significant affect the environment. Moreover, much of counsel's time-consuming efforts would have been required in arguing the NEPA claim, such as review of the administrative record.

Next, I find the requested hourly rates adequately supported by the declarations submitted. Indeed, the importance of having counsel with skill, expertise, and experience in litigating environmental claims cannot be understated. Such expertise benefits all parties as well as the court. Further, I find that Olson's hourly rate accurately reflects her experience when compared to Frost. Finally, I reject defendants' argument that counsel Olson is not entitled to fees prior to the time she was admitted to the court *pro hac vice*. As explained by Judge Jones in <u>Hells Canyon Preservation Council v. United States Forest Serv.</u>, Civ. No. 00755-HU (D. Or. Mar 7, 2005), the fees in this case are not precluded by the EAJA or the Ninth Circuit's opinion in <u>Shapiro v. Paradise Valley Unified Sch. Dist</u>, 374 F.3d 857 (9th Cir. 2004).

I nonetheless reduce the hours to account for entries that are redundant, vague, or reflect an excessive amount of time for the tasks described. I further limit both counsel to one site visit

with experts; plaintiffs have not provided factual support to justify their request totaling four days and twenty-four hours of site visits with experts. Accordingly, I reduce counsel Frost's hours by 44.65 in 2001, 27.32 in 2002, 20.72 in 2003, and 3.9 in 2004 for a total of $67,117.85 in fees. I reduce counsel Olson's hours by 39.3 in 2001 and 18.7 in 2002 for a total of $40,110.59 in fees.

Finally, I exclude meals and a portion of travel costs from the costs and expenses award. Plaintiffs provide no support for why such expenses are justified. For example, the travel dates, times, and destinations are not specified, although I note that dates for the site visit and the November 20, 2002 court mediation are identified in counsel's time sheets. I thus allow $500 for the site travel and $109.30 for the travel to mediation.

Accordingly, plaintiffs' Motion for Attorneys Fees and Costs (doc. 198) is GRANTED. Plaintiffs are awarded a total of $107,228.35 in attorneys fees and $9,854.62 in costs and other expenses.

IT IS SO ORDERED.

Dated this __19__ day of April, 2005.


                        /s/ Ann Aiken
                        Ann Aiken
                United States District Judge


6 - ORDER